{¶ 50} I respectfully concur in the judgment, but write separately for the following reason. It appears from a review of the suppression hearing transcript that the information relayed by the arresting officer included the location of the parked vehicle and its license plate number. The instruction was to stop the vehicle if another officer saw it moving.
 {¶ 51} Further, at the suppression hearing, the responding officer testified that the information he received was a description of the vehicle at issue, where it was located, "and if that vehicle was to move from its parking spot to go ahead and stop it so *Page 14 
that Officer Schlosser could come and investigate the occupants involved." At the very least, the officer had a reasonable suspicion that the individual, who was earlier sitting in the driver's seat of that vehicle, had committed an offense. In addition, the officer knew the individual who was previously sitting in the driver's seat had disobeyed his order to remain at the scene of the offense. Therefore, since the vehicle at issue was being moved from its parked position, I do not believe it was improper to stop and briefly detain the driver of the vehicle to determine if he was the individual previously in the driver's seat.
 {¶ 52} However, as the majority states, since Officer Schlosser immediately observed that appellant was not the person he was looking for, and since there was no suggestion or evidence that appellant had done anything improper, he should not have been detained and further questioned. *Page 1